[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this action, the plaintiffs allege that the defendant condominium association exercised its right of first refusal with respect to a condominium unit owned by the plaintiff. The plaintiffs further allege that, subsequent thereto, the defendant failed to purchase that unit under the same terms and conditions as existed in an agreement of sale between the plaintiffs and their proposed purchaser as required by the condominium by-laws.
In the first count, the plaintiffs allege that the defendant's conduct was malicious and constituted tortious interference with the plaintiffs' contractual relationship with their potential buyer. The second count alleges breach of contract. The third count alleges intentional infliction of emotional distress; and the fourth count alleges negligent infliction of emotional distress.
The defendant has moved to strike the third and fourth counts of the complaint on the grounds that neither plaintiff has alleged that they sustained any bodily injury. The defendant has also moved to strike the plaintiffs' claims for attorney's fees, to which the plaintiffs do not object.
While a cause of action for emotional distress, either negligently or intentionally caused, does not depend upon the presence of bodily injury, the court nevertheless concludes that neither court three nor count four states a valid cause of action.
In order for the plaintiffs to prevail in a claim for negligent infliction of emotional distress, they must allege and prove the following:
 (1) That the defendant, or its agents and servants, should have realized that their conduct involved an unreasonable risk of causing emotional distress; and
 (2) that, from the facts known to it, the defendant should have realized that the distress, if it were caused, might result in illness or bodily harm.
CT Page 6957
See Montinieri v. Southern New England Telephone Co.,175 Conn. 337 (1978); and Doe v. Cuomo, 43 Conn. Sup. 222 (1994).
Since the third count of the complaint does not contain these essential allegations, it is insufficient to state a cause of action for negligently inflicted emotional distress.
In order to prevail in a claim for intentional infliction of emotional distress, the plaintiffs must allege and prove the following:
 (1) That the defendant intended to inflict emotional distress on the plaintiffs, or that it knew or should have known that emotional distress was a likely result of its conduct;
(2) that the conduct was extreme and outrageous;
 (3) that such conduct was the cause of the plaintiff's distress; and
 (4) that the emotional distress sustained by the plaintiffs was severe.
See Petyan v. Ellis, 200 Conn. 243 (1986). Since the fourth count of the complaint does not contain such allegations, it does not state a cause of action for the intentional infliction of emotional distress.
Therefore, the defendant's motion to strike counts three and four of the complaint, and the claim for attorney's fees is hereby granted.
Thompson, J.